UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MALY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )    Case No.  4:11CV00675 AGF |
| | ) |
| TRUSTEES OF LOCAL 309 | ) |
| WIREMAN'S PENSION TRUST, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This is an action under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B), for judicial review of a decision by the Defendants, Trustees of the ERISA-governed Local 309 Wireman's Pension Trust ("Board of Trustees"), to deny Plaintiff James Maly's claim for retroactive payment of disability benefits.  Presently before the Court is Defendants' motion to limit discovery to the record of the administrative proceedings before the Board of Trustees ("Administrative Record").  For the reasons set forth below, the Court will grant Defendant's motion to limit discovery and prohibit Plaintiff from pursuing discovery beyond the Administrative Record.

## BACKGROUND

Plaintiff participated in the Local 309 Wireman's Pension Trust ("Pension Plan") which was administered by the Board of Trustees in accordance with the Restated Plan Document (Doc. No. 1-1), the Summary Plan Description (Doc. No. 20-1), and the Trust Agreement (Doc. No. 19-2) (collectively the "Plan Documents").

Plaintiff submitted a claim[1] for retroactive disability benefits, and a designated committee of the Board of Trustees denied the claim. Plaintiff appealed that decision to the full Board of Trustees, which denied the request on the grounds that the provisions Summary Plan Description and the Restated Plan Document preclude a retroactive grant of disability benefits. Thereafter, Plaintiff filed a request for reconsideration of the decision, which the Board of Trustees denied. Plaintiff then sought judicial review.

In this action, Plaintiff has requested the production of records relating to disability claims made in the last ten years, and seeks to supplement the Administrative Record with materials from his workers' compensation file and his social security disability file and has indicated that use of an actuarial expert may be appropriate in this case. In response to Plaintiff's discovery requests, Defendants have produced the complete Administrative Record and object to any further discovery or supplementation of the Administrative Record.

## DISCUSSION

Although the Court, in its July 28, 2011 Order, did not direct the parties to brief the issue, they both urge the Court to determine the standard of review applicable in this case. Defendants argue that discovery should be limited to the Administrative Record because the appropriate level of review here is the deferential abuse of discretion standard which restricts the Court to consideration of the evidence presented to the Board of Trustees. In response, Plaintiff asserts that the Board of Trustees' decision to deny his

---

[1] Plaintiff's claim for disability benefits payable from the time he filed his application was granted by the Pension Plan and is not at issue here.

claim for retroactive disability benefits should be reviewed de novo because the Plan Documents do not confer discretion on the Board of Trustees for purposes of disability benefit determinations.  The Court concludes that it is unnecessary to determine the standard of review at this time,[2] as regardless of which standard of review is applied, Plaintiff has not established grounds for additional discovery or supplementation of the record.

Courts review a denial of benefits under an ERISA plan de novo unless the plan gives the administrator or fiduciary discretion to determine eligibility for benefits, in which case an abuse of discretion standard of review is used.  *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Green v. Union Security Ins. Co.,* 646 F.3d 1042, 1050 (8th Cir.  2011) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).  In conducting its review of a benefits determination, a court is limited to a review of the evidence that was before the administrator when the claim for benefits was denied.  *Atkins v. Prudential Ins. Co.,* 404 Fed. App'x 82, 84-85 (8th Cir. 2010) (quoting *Jones v. ReliaStar*, 615 F.3d 941, 945 (8th Cir. 2010).  For this reason, courts generally do not allow the parties in ERISA cases to take additional discovery.  *Atkins,* 404 Fed. App'x at 84-85.  In essence, "additional evidence gathering is ruled out on deferential review, and discouraged on de novo review to ensure expeditious judicial review of ERISA benefit

---

[2]  In light of the Eighth Circuit ruling in  *Jobe v. Med. Life Ins. Co.,* 598 F.3d 478, 481-86 (8th Cir. 2010), regarding the interpretation of plan documents for purposes of determining the standard of review in ERISA cases, the Court will direct the parties to address, in any future cross motions for summary judgment, the effect of *Jobe*, if any, on the standard of review to be applied in this case.

decisions and to keep district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc. Disability Benefits Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (citation omitted).

A less deferential standard of review including an opportunity for discovery or supplementation of the record applies if the claimant makes a showing of good cause that a "palpable conflict of interest" or a "serious procedural irregularity" exists that is not readily apparent from the administrative record. *Menz v. Procter and Gamble Health Care Plan*, 520 F.3d 865, 871 (8th Cir. 2008) (citing *Brown*, 140 F.3d at 1200). A procedural irregularity is said to exist where the plan administrator, in the exercise of its power, acted dishonestly, from improper motive, or failed to use sound judgement in reaching its decision. *Id.* A palpable conflict of interest may be apparent from the administrative record, but if it is not, a district court may permit discovery and supplementation of the record to establish these facts if the plaintiff makes a showing of good cause. *Menz,* at 871. Discovery is not permitted on the merits of the benefit claim, even if the conflict of interest or procedural irregularity is shown. *See Atkins* , 404 Fed. App'x at 84-85.

In this case, Plaintiff has neither alleged nor grounded his request for discovery on a claim that the Board of Trustees acted under a conflict of interest,[3] and therefore has not

---

[3] In *Metro. Life Ins. Co. v. Glenn,* the Supreme Court noted that a plan administrator who "both determines whether [a participant] is eligible for benefits and pays benefits out of its own pocket" operates under a conflict of interest. *Glenn,* 554 U.S. 105,117 (2008). The Court assumes without deciding that such a "structural conflict of interest" is present here. *Green,* 646 F.3d at 1053. The Eighth Circuit has not yet determined whether *Glenn* affects discovery limitations under ERISA. *Atkins*, 404 Fed.

4

demonstrated good cause with respect to the conflict of interest prong. *Menz*, 520 F.3d at 870-871. Instead, Plaintiff essentially asserts several procedural problems as a basis for a finding of "good cause." Upon review of these arguments the Court finds that they fail to amount to good cause for discovery, because Plaintiff has not established any basis for a finding that the Board of Trustees acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision.

Plaintiff first contends that he was not informed that he was entitled to present additional evidence at the time of his appeal to the Board of Trustees. This contention is without merit. The Administrative Record indicates that the appeal procedures, attached to the initial decision of the trustee committee, explicitly state that Plaintiff had the right to submit "additional medical or other information in support of [his] claim" and that the "Trustees [would] review all information related to the claim, including everything the participant submits whether or not that information was considered in the original determination."

Plus, the additional discovery Plaintiff seeks (records relating to disability claims made in the last 10 years, materials from his workers' compensation file, his Social

---

App'x at 85; *see also ReliaStar*, 615 F.3d 941 (8th Cir. 2010) (affirming district court's denial of discovery, finding that discovery was unnecessary to address the conflict of interest issue). However, it is clear that *Glenn* did not announce a change in the ERISA standard of review when a structural conflict of interest exists. *Chronister v. UNUM Life Ins. Co. of Am.*, 563 F.3d 773, 775-76 (8th Cir. 2009) (citing *Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 581 (8th Cir. 2008)). Rather, the identified conflict of interest "'should be weighed as a factor in determining whether there is an abuse of discretion.'" *Wakkinen*, 531 F.3d at 583 (8th Cir.2008) (quoting *Glenn*, 554 U.S. at 115 (2008)).

5

Security disability file, and the expert testimony of an actuary), does not appear to be relevant, within the meaning of Fed. R. Civ. P. 26(b), to the question of whether he was properly informed that he could present additional evidence at the time of the appeal. The Court also agrees with Defendants' assertion that the requested discovery is not permissible, as it relates to the merits of the Board of Trustees' decision and not to a demonstration of conflict of interest or procedural irregularity. *See Atkins*, 404 Fed. App'x at 84-85 (holding that additional discovery requests will be granted only if they are designed to uncover a nascent conflict of interest).

Plaintiff also argues that "good cause" exists to permit discovery outside the Administrative Record because he did not have copies of the Trust Agreement, the Restated Plan Document, or the Summary Plan Description prior to the filing or presentation of his appeal before the Board of Trustees. However, the Administrative Record indicates that Plaintiff did not request the Restated Plan Document and the Trust Agreement until after the Board of Trustees had decided his appeal, and that the Board of Trustees timely supplied these documents when Plaintiff requested them. Indeed, only after the appeal decision, did Plaintiff claim that he had not received the Summary Plan Description when it was originally distributed. And after receiving a copy of, and reviewing the Summary Plan Description, Plaintiff wrote to the Board of Trustees that even if he had received it prior to the appeal "I don't know if I would have done my application any differently." (Doc. No. 21-2). These assertions do not establish procedural irregularity so as to warrant additional discovery. Additionally, Plaintiff fails to explain how the discovery he seeks relates to this procedural irregularity. In fact, most

6

of the arguments he makes relate to the legal construction of the plan documents themselves.  *See Menz*, 520 F.3d at 869-871 (quotation omitted) (upholding the denial of discovery request where claimant had not established with any specificity what evidence was omitted, or what role such evidence may have played in the decision to deny his claim).

Nor has Plaintiff made a showing of "good cause" with respect to the timing of his receipt of the Plan Documents.  The Board of Trustees promptly provided the Plan Documents in response to Plaintiff's request, and there is no contention that they had an obligation to provide them before Plaintiff requested them.  On the basis of the foregoing, the Court concludes that Plaintiff has not shown that a procedural irregularity exists that would warrant either the additional discovery or the expert testimony that he seeks.  *Id.* (quotation omitted).

Finally, Plaintiff makes a series of arguments to the effect that he has a substantive right to retroactive disability benefits that trumps the plain language of both the Restated Plan Document and the Summary Plan Description and that his claim should be allowed because neither the Board of Trustees nor the Pension Plan would be prejudiced by the allowance thereof.  These arguments are directed to the merits of Plaintiff's claim, appear to depend on documents that are in the record, and have no bearing on the motion to limit discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to limit discovery is **GRANTED**. (Doc. No. 18).

7

**IT IS FURTHER ORDERED** that Plaintiff's June 20, 2011 Interrogatories and Requests for Production are quashed.  Plaintiff is prohibited from conducting discovery beyond the Administrative Record in this case, including but not limited to, developing expert witness opinion or testimony.

**IT IS FURTHER ORDERED**, pursuant to the Case Management Order, that the parties shall submit a Joint Proposed Scheduling Plan, as directed in the Order Setting Rule 16 Conference [Doc. #14], on or before **December 2, 2011**.

**IT IS FURTHER ORDERED** that the Court shall hold a further scheduling conference, in chambers, on **Tuesday, December 13, 2011 at 10:00 a.m.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2011.